IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | * | |
| v. | * | Crim. Case No.: SAG-22-0018 |
| | * | Civ. Case No. SAG-23-1793 |
| OLATUNDE ALADE VINCENT, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On February 8, 2022, defendant Olatunde Alade Vincent pled guilty to two counts of a multiple count indictment charging fraud and related offenses. ECF 33. On July 5, 2022, this Court imposed a sentence of 26 months incarceration for Count One (Conspiracy to Commit Wire Fraud) and a consecutive sentence of 24 months incarceration for Count Six (Aggravated Identity Theft). ECF 46. Roughly eleven months later, on June 29, 2023, Mr. Vincent, acting in a self-represented capacity, filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. ECF 55. The Government filed an opposition, ECF 63, and Mr. Vincent filed a reply, ECF 67.[1] Upon review, this Court scheduled an evidentiary hearing and appointed counsel to represent Mr. Vincent at the hearing. ECF 68, 73. This Court held the evidentiary hearing on November 1, 2024, and heard testimony from Mr. Vincent and his trial counsel, Christopher Purpura, Esq., along with argument from both counsel. Following the hearing, counsel submitted additional briefing. ECF

---

[1] Mr. Vincent also filed a "motion to take judicial notice," directing this Court to a case decided by another United States District Court. ECF 66. This Court need not take judicial notice of other cases in order to consider their reasoning. Accordingly, Mr. Vincent's motion will be denied, but the Court has reviewed the cases cited in the filing.

83, 85, 86. This Court has carefully reviewed the filings and considered the testimony and evidence adduced at the hearing. For the reasons that follow, Mr. Vincent's motion will be denied.[2]

Mr. Vincent, who has now been released from the custody of the Bureau of Prisons, contends that Mr. Purpura provided him ineffective assistance of counsel. "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To mount a successful ineffective assistance claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden rests with the petitioner to establish ineffective assistance by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Mr. Vincent alleges that Mr. Purpura failed to advise him that he would face mandatory deportation if found guilty. Upon considering the evidence presented at the hearing, this Court finds that Mr. Vincent's assertion is not credible because it contradicts Mr. Vincent's sworn representations at his rearraignment and Mr. Purpura's credible testimony at the hearing.

At the § 2255 hearing, in essence, Mr. Vincent testified that Mr. Purpura did not go over the plea agreement with him before the plea proceeding and simply instructed him to "agree with

---

[2] Mr. Vincent's present counsel filed the post-hearing brief as a separate motion. ECF 83. Because that "motion" also requests a finding of ineffective assistance, this Court will deny it along with the original 2255 motion.

[3] To show prejudice, in addition to showing that he received inaccurate advice regarding his mandatory deportation, Mr. Vincent would have to show a reasonable probability that he would have made a different decision regarding his guilty plea had he been properly advised. *United States v. Murillo*, 927 F.3d 808, 819 (4th Cir. 2019). This Court does not reach the issue of prejudice, however, as it concludes that Mr. Vincent has failed to adduce credible evidence that Mr. Purpura misadvised him about the immigration consequences of his plea.

everything" at that proceeding. He contends that Mr. Purpura had never advised him that he would be deported. In contrast, Mr. Purpura testified that he had reviewed the plea agreement in person with Mr. Vincent the morning before the proceeding. Mr. Purpura testified that he had concluded and advised Mr. Vincent that he would be deported, summarizing his position as having two choices: "plead guilty and likely get a lesser sentence and be deported or go to trial, get a more significant sentence and be deported." ECF 81 at 73. In other words, Mr. Purpura testified that he advised Mr. Vincent that he would face deportation whether he pleaded guilty or not.

In light of the contradictory assertions, this Court must assess the credibility of the two witnesses. When evaluating witness credibility, this Court considers factors such as variations in demeanor, corroborating or contradicting evidence, the witness's motive to lie, and the level of detail in the witness's statements. Considering those factors in this case, this Court concludes that Mr. Purpura's testimony was credible and Mr. Vincent's was not.

First, this Court observed Mr. Vincent's demeanor at his rearraignment proceeding, which did not suggest someone told to just "agree with everything." At that rearraignment proceeding, Mr. Vincent agreed he was under oath and said that from the very first time he met with Mr. Purpura, he told him he wanted to take a plea. ECF 60 at 21. He also testified, under oath, that Mr. Purpura gave him enough time to discuss his decision to plead guilty with him. *Id.* That testimony expressly contradicts his current position that Mr. Purpura had never reviewed the plea agreement or discussed the guilty plea with him. Second, this Court also observed both witnesses' demeanors at the § 2255 hearing. Mr. Purpura's testimony was quite credible. He readily conceded that he did not send the plea agreement to Mr. Vincent's immigration attorney for review, explaining he did not think it was necessary since Mr. Vincent was going to be deported. ECF 81 at 83–84. In contrast, Mr. Vincent's testimony was not credible. For example, he claimed that he did not recall

3

his detention hearing, at which a prosecutor had expressly advised him that "the likelihood of him receiving any favorable consideration in terms of remaining in the United States…should be nil." ECF 81 at 52–53. Third, the scheduling of the rearraignment proceeding and the evidence adduced at the hearing of Mr. Purpura's communications with the prosecutors were consistent with Mr. Purpura's version of events: Mr. Vincent arrived at the courthouse at 10 am, met with Mr. Purpura to review his plea agreement, and then the parties contacted chambers to schedule the proceeding. *See* ECF 81 at 73 (testifying that they brought Mr. Vincent to the courthouse so Mr. Purpura and Mr. Vincent could review the plea, then the Government had some questions after that). The proceeding was placed on the court calendar at approximately 11:30 am on the morning of the plea. Mr. Vincent suggested in his testimony that when he arrived at the courthouse, he had an entire proffer with the Government and then was simply told by Mr. Purpura to sign the plea without reading it. ECF 81 at 9. Fourth, the Government introduced persuasive evidence at sentencing that Mr. Vincent also engaged in immigration fraud, submitting false, sworn statements to immigration authorities. Fifth, Mr. Vincent's claim of a "language barrier" is not persuasive to this Court, both in terms of this Court's observation of his conduct and allocution in Court, and his ability to attend educational institutions in England and the United States. In total, this evidence leads this Court to conclude that Mr. Vincent's version of the events is not credible, and Mr. Purpura's is credible.

In light of Mr. Vincent's greater motivation to shade the truth, his contradictory representations under oath at his rearraignment as compared to his § 2255 hearing, his demeanor at both hearings before this Court, and the generally detailed and credible nature of Mr. Purpura's testimony, this Court finds that Mr. Vincent has not established that Mr. Purpura's performance was deficient. Mr. Vincent has not met his burden to show, by a preponderance of the evidence,

that Mr. Purpura failed to tell him he would face mandatory deportation if he pleaded guilty. Mr. Vincent's motion will therefore be denied.

## CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." *See* Rule 11(a) of the Rules Governing § 2255 Cases. A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered the record and finds that Mr. Vincent has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim debatable or incorrect. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Accordingly, a certificate of appealability is denied.

A separate Order denying Mr. Vincent's three motions, ECF 55, 66, 83, follows.

Dated: February 4, 2025

/s/
Stephanie A. Gallagher
United States District Judge

5